**In re Charles Louie CASSAR and Alma Jean Cassar, Debtors.**

**Bankruptcy No. 92–11723 RJB.**

United States Bankruptcy Court, D. Colorado.

March 17, 1992.

Kurt E. Hertel, Steve E. Berken, P.C., Denver, Colo., for debtors.

## ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Debtors' three Motions for Entry of Order to Void Lien Pursuant to 11 U.S.C. § 522(f) filed February 13, 1992, concerning creditors Western Recovery, Grant Anderson, and J.C. Penney.

In the Motions the Debtors allege that "upon information and belief" the creditors have recorded transcripts of judgments and that said judgments create a general lien which will attach to any real property subsequently purchased by the Debtors. They also state that the Debtors have no real property at this time. Further, they allege that these "liens" may impair an exemption to which the Debtors are entitled. They request that the Court simply void these "liens."

■ These Motions cannot be granted for several reasons. First, § 522(f) allows debtors to avoid a lien "to the extent that such lien impairs an exemption to which the" debtors would be entitled under § 522(b). Exemptions are determined as of the date of filing. If the Debtors have no property on that date, they have no exemption. Second, debtors are not entitled to simply void the entire lien. Debtors are only entitled to avoid so much of the lien that impairs an exemption. Without having any property, and therefore without any evidence that these "liens" do actually impair an exemption, and to what extent, there is no way for the Court to make any findings necessary under § 522(f). And finally, as pointed out in *In re Yates*, 47 B.R. 460 (D.C.Colo.1985), the mere filing of the transcript of judgment does not create a lien, or charge against property, unless there is property to which it can attach. Here there is no property, and hence no lien.

■ A cursory reading of § 522(f), and of the *Yates* case, *supra*, (which has been published for seven years), would show that these Motions are not warranted by existing law, nor could any reasonable attorney put forth a good faith argument for the extension, modification, or reversal of existing law. Therefore, this Court finds that counsel for the Debtors has violated Bankruptcy Rule 9011(a) and that sanctions are appropriate. It is, therefore,

ORDERED that the within Motions are denied. It is

FURTHER ORDERED that counsel for the Debtors, Kurt E. Hertel, Esq., shall show cause in writing within ten (10) days of the date of this Order why sanctions in the sum of $300.00 payable to the Clerk of the Court should not be imposed for his violation of Bankruptcy Rule 9011.